IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KEVIN JAMES KOHUTE | § | |
| v. | § | CIVIL ACTION NO. 6:23cv315 |
| TYLER POLICE DEPARTMENT | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Kevin Kohute, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named Defendant is the City of Tyler Police Department.

On June 30, 2023, Plaintiff was ordered to pay the filing fee of $402.00 or to submit a proper application for leave to proceed *in forma pauperis*. The Court directed the Clerk to send Plaintiff a proper *in forma pauperis* application form. To date, however, Plaintiff has not complied, nor has he responded to this order in any way. His lawsuit may therefore be dismissed without prejudice for failure to prosecute or to obey an order of the Court. Fed. R. Civ. P. 41(b).

However, Plaintiff's lawsuit suffers from more significant flaws. The sole named Defendant is the Tyler Police Department, which is a sub-unit of the City of Tyler and has no separate legal existence, and thus cannot be sued in its own name. *See Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991). His claim against the Police Department necessarily fails for that reason.

In addition, Plaintiff's lawsuit challenges the validity of his prosecution for assault on a public servant, for which court records show he pleaded guilty and was convicted in the 114th Judicial District Court of Smith County on July 28, 2023. *State v. Kohute*, case no. 114-1317-21.

The Supreme Court has held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. §2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). This holding has been extended by the Fifth Circuit to include claims for injunctive relief as well. *VanBuren v. Walker*, 841 F.App'x 715, 2021 U.S. App. LEXIS 9115, 2021 WL 1183013 (5th Cir., March 29, 2021), *citing Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998) (*en banc*).

Plaintiff contends that he was "not in his right mind" at the crime scene and denies hitting the officer, and asserts that forcing him to sign a waiver of a jury trial violates his right to be free from identity theft. If proven, Plaintiff's claims would directly implicate the validity of his conviction for assault on a peace officer. The Fifth Circuit has explained that under *Heck*, the maturity of a §1983 claim depends on whether a judgment in the plaintiff's favor would necessarily imply the invalidity of his conviction or confinement. *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996). Thus, in order to proceed on his claims in a civil rights action, Plaintiff must show that his convictions have been overturned, expunged, or otherwise set aside. Because he has not done so, his claims have not yet matured and must be dismissed until such a showing has been made.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed with prejudice to the claims being asserted again until such time as Plaintiff can show that his conviction has been overturned, expunged by executive order, declared invalid in a state collateral proceeding, or called

into question through the issuance of a federal writ of habeas corpus. This dismissal of this civil rights lawsuit should not prevent Plaintiff from challenging the legality of his conviction through any lawful means, including but not limited to direct appeal or state or federal habeas corpus proceedings.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville,* 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 17th day of August, 2023.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE